UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK SMITH, JR., <br><br>　　　　　　　　　Plaintiff, <br>　　v. <br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, <br><br>　　　　　　　　　Defendants. | Case No. 3:24-cv-00063-MMD-CLB <br><br>ORDER |

　　　　Plaintiff Mark Smith, Jr., who is represented by counsel and currently incarcerated in the custody of the Nevada Department of Corrections, submitted a civil rights complaint ("Complaint") under 42 U.S.C. § 1983. Following screening of the Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed on claims under the Americans with Disabilities Act and Rehabilitation Act and on a negligence claim against the State of Nevada, Defendant State of Nevada ex rel. Nevada Department of Corrections, and John Doe Defendants. (ECF No. 3.) Before the Court is Plaintiff's motion for default judgment. (ECF No. 10 ("Motion").)

　　　　Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Plaintiff appears to have satisfied the first step in demonstrating service on Defendants and the failure to respond, leading to the Clerk's entry of default. (ECF No. 9.)

　　　　Nonetheless, although entry of default by the clerk is a prerequisite to an entry of

default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *See id*. The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471-72.

Plaintiff does not address the *Eitel* factors in his Motion. Indeed, Plaintiff appears to assume default judgment would be automatic. However, because Defendants include the State of Nevada, and weighing the *Eitel* factors, particularly the strong policy favoring decisions on the merits, the Court declines to enter default judgment.

It is therefore ordered that Plaintiff's motion for default judgment (ECF No.10) is denied.

It is further ordered that the Clerk of Court provide a courtesy copy of this order and the screening order (ECF No. 3) to the Nevada Attorney General's Office.[1]

It is further ordered that Defendants will have 30 days from the issuance of this order to respond to the Complaint.

DATED THIS 28th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]The Court directs a courtesy copy to be provided because the Nevada Attorney General's Office regularly appears in prisoner's cases such as this one to represent defendants in their official capacity.