UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK SMITH, JR.,<br><br>                          Plaintiff,<br><br>       v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                          Defendants. | Case No. 3:24-CV-00063-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 12] |

This case involves a civil rights action filed by Plaintiff Mark Smith, Jr. ("Smith") against Defendants State of Nevada and State of Nevada ex rel. Nevada Department of Corrections (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion to dismiss. (ECF No. 12.) Smith responded, (ECF No. 13), and Defendants replied, (ECF No. 14). For the reasons stated below, the Court recommends that Defendants' motion to dismiss, (ECF No. 12), be granted.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Smith, who is represented by counsel and currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), initiated this action on February 8, 2024, for actions that occurred while he was incarcerated at the Northern Nevada Correctional Center ("NNCC"), by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.)

Smith's complaint alleges the following: Smith is wheelchair bound and qualifies for protection under the Americans with Disabilities Act ("ADA"). (ECF No. 4 at 2.) Smith has been housed at NNCC, which is NDOC's primary correctional center for inmates with ambulatory impairments. (*Id.*)

---

[1]  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

On January 16, 2023, Smith sought to travel to and from the dining area with the assistance of another inmate. (*Id.*) The pathway to the dining area was covered with snow and ice, but there was no an alternative method for Smith to receive his meal. (*Id.* at 3.) Smith either had to travel to the dining area through the snow and ice or miss his meal. (*Id.*) While traveling to the dining area, Smith's wheelchair toppled over, leaving him helpless on the ice and snow. (*Id.* at 4.) Prison staff was immediately made aware of the incident, but nobody came to assist Smith for over an hour as he laid injured and unable to move on the ice and snow. (*Id.*) Based on these allegations, Smith brings a claim under the ADA, a claim under the Rehabilitation Act ("RA"), and a state law negligence claim. (*Id.* at 4-6.)

On August 12, 2024, the District Court screened Smith's complaint and allowed him to proceed on ADA and RA claims against Defendant State of Nevada and a state law negligence claim against Defendants State of Nevada ex rel. Nevada Department of Corrections and John Doe Defendants responsible for failing to ensure the safety of the pathway to the dining hall and failing to help Smith after he fell over. (ECF No. 3.)

Defendants have now filed the instant motion to dismiss arguing Smith's state law negligence claim must be dismissed as the State of Nevada has not waived sovereign immunity for state law claims in federal court and this claim is barred by the Eleventh Amendment. (ECF No. 12.)

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations

must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the court takes particular care when reviewing the pleadings of a *pro se* party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

### III.  DISCUSSION

Defendants argue Smith's state law negligence claim should be dismissed because Nevada has not waived its sovereign immunity in federal court, nor has congress abrogated state sovereign immunity as to a state-law negligence claim. (ECF No. 12.) Thus, Defendants argue the State of Nevada is barred from suit against Smith's negligence claim by the Eleventh Amendment and the doctrine of sovereign immunity and Smith's negligence claim should be dismissed <u>with</u> prejudice. (*Id.*) In response, Smith does not dispute Defendants' assertions, but only argues that any dismissal should be <u>without</u> prejudice. (ECF No. 13.)

///

Because Smith does not oppose Defendants' motion to dismiss to the extent it recommends dismissal of the state law claim, the Court finds the motion should be granted as unopposed. Additionally, the Court agrees with Smith that any dismissal of state law claims should be without prejudice. When state law claims are dismissed for lack of jurisdiction, dismissal should be without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissing based on declining supplemental jurisdiction should be without prejudice). Accordingly, the Court recommends that Defendants' motion to dismiss be granted in part, and denied in part, such that Smith's state law claim be dismissed <u>without</u> prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Defendants' motion to dismiss, (ECF No. 12), be granted in part and denied in part.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss, (ECF No. 12), be **GRANTED in part and DENIED in part**; such that Smith's state law negligence claim be **DISMISSED WITHOUT PREJUDICE**.

DATED: April 25, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**

4